FILED-CLERK
U.S. DISTRICT COURT
2011 DEC -7 PM 12: 11
TEXAS-EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **David E Mack** § | |
| *Plaintiff* § | Case No. 4:11CV771 |
| § | |
| vs § | |
| § | |
| **SECOND ROUND, L.P.** § | |
| *Defendant* § | |
| § | **TRIAL BY JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E. Chapter 17, (hereinafter "DTPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. It also includes actions for damages for Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") and Telephone Consumer Protection Act 47 U.S.C. § 227 (hereinafter "TCPA") / Texas Business Code Ann. § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, TDCPA, DTPA, FCRA and TCPA.

### JURISDICTION

3. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

## PARTIES

4. The Plaintiff in this lawsuit is David E Mack ("Plaintiff"), a natural person, who resides in Collin County, Texas.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), the Texas Business and Commerce Code section § 17.50(a)(1), the Texas Finance Code § 392.001(1), and the FCRA, 15 U.S.C. § 1681a(d).

6. Defendant, SECOND ROUND, L.P. ("Defendant") is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## VENUE

8. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County.

9. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

10. Plaintiff received a collection notice from the Defendant dated June 21, 2010 stating that a charge card account # XXXXXXXXXXX2006 had been purchased by SECOND ROUND, L.P. from American Express Bank FSB and they were attempting to collect an alleged balance due on said account of $9276.23.

11. Plaintiff sent a timely response within 30 days to Defendant on July 7, 2010 disputing the alleged debt and demanding Defendant cease and desist from any further collection

activities until they validated the alleged debt. At no time did Plaintiff receive a response to his demand for validation.

12. In December 2010 Plaintiff obtained his credit reports from all 3 major credit reporting agencies and discovered that the Defendant had placed inaccurate and derogatory information in his Experian and TransUnion credit files regarding the alleged account they were attempting to collect.

13. Plaintiff sent letters of dispute to the Defendant for each of the inaccurate credit files demanding that Defendant either validate the alleged debt they were attempting to collect by their disclosure of inaccurate information to the credit reporting agencies or remove the information from the credit files and cease and desist from any further collection activity.

14. The validation of debt and dispute of information demands were received by the Defendant on January 3, 2011 according to USPS records and <u>Defendant failed to respond to plaintiff with any information at any time</u> yet **continued to report the erroneous and derogatory information to Experian and TransUnion for the 3 additional months** of February, March and April 2011 in violation of the FCRA 15 U.S.C. § 1681s-2(a)(1)(B)(i)(ii) and Tex. Fin. Code § 392.202(a)(b)(e).

15. On April 16, 2011 Plaintiff disputed the information contained in his Experian and TransUnion credit files directly to the credit reporting agencies who, upon receipt of the dispute, removed said information indicating the Defendant did not verify the disputed information.

16. On June 16, 2011 Plaintiff sent a "Notice of Intent to Sue" to the Defendant and <u>they did not respond at any time</u> as requested by the Plaintiff to avoid litigation regarding their violations of the FDCPA, TDCPA, DTPA, FCRA and the Tex. Business and Finance Code Annotated.

17. On September 7, 2011 Plaintiff received two back to back phone calls from Defendant showing a caller ID of 866-950-6357 when they had no consent from the Plaintiff to do so. Said number is known to be a number used by the Defendant in debt collection calls to consumers, using an automated telephone dialing system. The calls were made at 10:08 AM and 10:10 AM. in violation of 15 U.S.C. § 1692d,1692d(5), TDCPA, the Texas Business Code Ann. § 305.053 and were a deceptive practice and meant to harass the Plaintiff.

18. On or about September 16, 2011 Plaintiff received a collection notice dated September 13, 2011 for the same account as the previous notice dated June 21, 2010 offering a settlement amount of $3247.00 on the account. Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff was a violation of 15 U.S.C. § 1692g(B), the TDCPA, and was a deceptive practice.

19. On September 21, 2011 Plaintiff received another phone call from caller ID 866-950-6357 at 5:39 PM which is known to be a number used by the Defendant in debt collection calls to consumers. At no time did the Plaintiff give the Defendant his consent to call him. A collection attempt made by phone to the Plaintiff AND using an automated telephone dialing system when no validation had been provided was a violation of 15 U.S.C. § 1692g(B), the TDCPA, as well as the Texas Business Code Ann. § 305.053.

20. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

## COUNT I

## VIOLATIONS OF THE FDCPA

21. Plaintiff repeats and re-alleges each and every allegation stated above.

22. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TDCPA

23. Plaintiff repeats and re-alleges each and every allegation stated above.

24. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Using false representation or deceptive means to collect a debt or obtain information concerning a consumer, including Tex. Fin. Code § 392.304(a)(19).

b. Failure to respond to a notice from the consumer of disputed information within consumer's credit file or to correct information pursuant to Tex. Fin. Code § 392.202(a)(b)(e).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging the Defendant violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF THE DTPA

25. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

26. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a).

27. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

b. Awarding Plaintiff actual damages for time spent defending against Defendant's deceptive activities and the increased insurance premiums that occurred as a result of Defendant's activities, pursuant to Tex. Bus. Com. Code § 17.50(h);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

d. Awarding Plaintiff any attorney's fees and costs incurred in this action;

e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

## VIOLATIONS OF THE FCRA

28. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

29. Defendant violated the FCRA when they **continued to report the erroneous and derogatory information to Experian and TransUnion for the 3 additional months** of February, March and April 2011 after it was disputed in violation of the FCRA 15 U.S.C. § 1681s-2(a)(1)(B)(i),(ii).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendant violated the FCRA

    b. Awarding Plaintiff statutory damages of $1,000 **per month per reporting agency** that erroneous and derogatory information was contained in Plaintiff's credit files as a result of Defendant's actions, pursuant to 15 U.S.C. § 1681n;

    c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

## VIOLATIONS OF THE TCPA/TEXAS BUSINESS CODE ANN. § 305.053

30. Plaintiff repeats and re-alleges each and every allegation stated above.

31. Defendant's aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated the TCPA/Texas Business Code Ann. § 305.053.

b. Awarding Plaintiff statutory damages, pursuant to Texas Business Code Ann. § 305.053 in the amount of $500 for the first call made to Plaintiff and $1500 per call for the 2 (two) successive calls made to Plaintiff which were willful and knowing violations of the code.

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 7, 2011

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document was sent to the below named parties by first class USPS mail.

Signed December 7, 2011

_____
David E Mack

SECOND ROUND, L.P.
4150 Freidrich Lane, Suite I
Austin, Texas 78744